UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

STEVEN A. STADTMAUER,

               Plaintiff,

     -against-

FIRST UNUM LIFE INSURANCE
COMPANY,

               Defendant.

-------------------------------------------------------- X

Civil Action No. 7:26-cv-02592-PMH

**DEFENDANT'S ANSWER AND
AFFIRMATIVE AND ADDITIONAL
DEFENSES TO PLAINTIFF'S
COMPLAINT**

Defendant First Unum Life Insurance Company ("Defendant" or "First Unum"), by and through its attorneys, Seyfarth Shaw LLP, hereby submits its Answer and Affirmative and Additional Defenses to Plaintiff Steven A. Stadtmauer's ("Plaintiff") Complaint as follows:

**COMPLAINT ¶1:**

Plaintiff is an individual and a resident of White Plains, New York.

**ANSWER:**

Upon information and belief, First Unum admits the allegations in Complaint Paragraph No. 1.

**COMPLAINT ¶2:**

Defendant, First Unum Life Insurance Company (hereinafter "Defendant" or "Unum") is an insurance company with a headquarters in Garden City, New York.

**ANSWER:**

First Unum admits that it is an insurance company. First Unum denies the remaining allegations in Complaint Paragraph No. 2.

1

325171056v.5

## JURISDICTION AND VENUE

**COMPLAINT ¶3:**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) in that the claims herein arise under the Employee Retirement Income Security Act, 29 U.S.C §1132(a)(1)(B).

**ANSWER:**

First Unum admits that Plaintiff purports to bring this lawsuit under 29 U.S.C. § 1132(a)(1)(B). For purposes of this action only, First Unum admits that this Court has jurisdiction over the subject matter of Plaintiff's claim for benefits. First Unum denies the remaining allegations in Complaint Paragraph No. 3, and specifically denies that Plaintiff is entitled to any relief in this action, that First Unum violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, or that First Unum is otherwise liable to Plaintiff.

**COMPLAINT ¶4:**

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this judicial district.

**ANSWER:**

For purposes of this litigation only, First Unum admits that it does not contest venue. First Unum denies the remaining allegations in Complaint Paragraph No. 4.

## ESSENTIAL FACTS

**COMPLAINT ¶5:**

Plaintiff is a 56-year-old licensed attorney with over thirty years of professional experience, including two decades of practice with a New York regional law firm and several years of legal practice on his own.

**ANSWER:**

Upon information and belief, First Unum admits that Plaintiff is 56 years old and, at

2

certain times, an attorney licensed in the State of New York. First Unum lacks knowledge or information sufficient to form a belief as to the remaining allegations in Complaint Paragraph No. 5.

**COMPLAINT ¶6:**

In or about November 2020, Plaintiff accepted an offer to join AIG Claims, Inc. ("AIG") in the position of Complex Claims Director, Mergers & Acquisitions.

**ANSWER:**

Upon information and belief, First Unum admits that, at certain times, Plaintiff was employed by American International Group, Inc. ("AIG"). First Unum lacks knowledge or information sufficient to form a belief as to the remaining allegations in Complaint Paragraph No. 6.

**COMPLAINT ¶7:**

By virtue of his employment with AIG, Plaintiff was eligible to participate in AIG's Long Term Disability Insurance Plan, Group Contract Number 910658 (hereinafter "LTD Policy" or "LTD Plan") (Exhibit A). The policy was issued by Unum and the policyholder is AIG.

**ANSWER:**

First Unum admits that, at certain times, Plaintiff was an employee of AIG and eligible to participate in a plan that provides long-term disability ("LTD") benefits to eligible employees pursuant to its terms and conditions, Policy No. 910658 (the "plan"). First Unum admits that the policyholder for the plan is AIG and that the plan is insured by First Unum. First Unum denies the remaining allegations in Complaint Paragraph No. 7.

**COMPLAINT ¶8:**

Unum is the fiduciary responsible for paying benefits and administering claims under the LTD Plan.

**ANSWER:**

325171056v.5

First Unum admits that it performed certain administrative functions and insures LTD benefits in connection with the plan. First Unum denies the remaining allegations in Complaint Paragraph No. 8.

**COMPLAINT ¶9:**

In addition to the basic benefits offered by Unum and made available by AIG to its employees, Unum offered, for an additional premium, an enhanced LTD benefit known as the Supplemental Long Term Disability plan. Plaintiff selected this enhanced option and continually paid the premiums for this benefit out of pocket since that time.

**ANSWER:**

First Unum admits that Plaintiff elected a buy-up LTD benefit under AIG's Flex LTD policy and that, at certain times, premiums were paid for this coverage. First Unum denies the remaining allegations in Complaint Paragraph No. 9.

**COMPLAINT ¶10:**

In his pre-disability occupation, Plaintiff was responsible for all aspects of complex claims involving entities for which AIG had issued financial insurance products, including Representations and Warranties, Tax Liability and Litigation Liability Insurance policies.

**ANSWER:**

First Unum lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph No. 10.

**COMPLAINT ¶11:**

In his employment with AIG, Plaintiff was required to, among other duties, analyze, investigate and evaluate losses to determine coverage and claim disposition; utilize AIG systems to document claims and diary future events; establish and recommend appropriate reserves; negotiate and settle claims both within and outside his settlement authority; manage litigation through retention of counsel, adherence to litigation guidelines, budgeting, and invoice review; actively participate in mediation, ADR and litigation strategy formulation; and prepare comprehensive reports identifying claim trends and policy issues to management and underwriting.

**ANSWER:**

First Unum lacks knowledge or information sufficient to form a belief as to the truth of

4

the allegations in Complaint Paragraph No. 11.

**COMPLAINT ¶12:**

Plaintiff was required to ensure timely, accurate handling of claims while overseeing multiple matters; ensure appropriate resolution of claim discrepancies; supervise claim staff; manage, review, and resolve claims including determining course of action, developing arguments, and addressing rebuttals; conduct preliminary negotiations; manage administrative, financial, accounting and reporting functions for claims; assist in overall case resolution strategies, settlements, and litigation support; analyze and identify trends and provide reports; generate risk analysis reports; and provide expertise and general claims support to teams in reviewing, researching, investigating, negotiating, processing, and adjusting claims.

**ANSWER:**

First Unum lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Complaint Paragraph No. 12.

**COMPLAINT ¶13:**

Plaintiff's duties included daily analyzing sophisticated and complex legal, financial and transactional issues. He was required to quickly read through and process complex legal materials, tailored insurance agreements and sophisticated financial and transactional documents related to all manner of financial lines claims and accurately complete all tasks, including ethically and responsibly adjudicating claims while also financially protecting his employer.

**ANSWER:**

First Unum lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Complaint Paragraph No. 13.

**COMPLAINT ¶14:**

After joining AIG, Plaintiff repeatedly received favorable or better performance reviews, regular annual pay raises and better than average bonuses.

**ANSWER:**

First Unum lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Complaint Paragraph No. 14. First Unum specifically denies that Plaintiff is

disabled under the terms of the plan and denies that Plaintiff is entitled to any relief whatsoever.

325171056v.5

**COMPLAINT ¶15:**

In or about August 2023, Plaintiff contracted his second COVID-19 infection. As a result of and following the acute infection, he developed a persistent decline in energy, mental clarity, and cognitive function that has not significantly resolved to date. Symptoms included a sensation of being confused and in a fog.

**ANSWER:**

First Unum admits that Plaintiff purports to have contracted COVID-19 in August 2023 and alleges certain symptoms due to COVID-19. First Unum denies the remaining allegations in Complaint Paragraph No. 15 and specifically denies that Plaintiff is disabled under the terms of the plan and denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶16:**

Following the August 2023 COVID-19 infection, after returning to work, Plaintiff was unable to understand complex concepts or to concentrate as necessary to do his work. He increasingly struggled with understanding and assimilating information. He often became confused and unable to comprehend and assimilate information communicated to him during the course of his regular job duties. He felt frequently fatigued and mentally drained.

**ANSWER:**

First Unum admits that Plaintiff purports to have contracted COVID-19 in August 2023 and alleges certain symptoms due to COVID-19. First Unum denies the remaining allegations in Complaint Paragraph No. 16 and specifically denies that Plaintiff is disabled under the terms of the plan and denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶17:**

Plaintiff increasingly struggled to complete his duties at work. He encountered difficulty reading and absorbing information and not being able to explain himself in meetings. As his performance declined, Plaintiff received his first poor performance reviews. For the first time, he was denied a pay raise and a satisfactory performance bonus.

**ANSWER:**

First Unum lacks knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff's performance reviews and compensation. First Unum denies the

6

remaining allegations in Complaint Paragraph No. 17 and specifically denies that Plaintiff is

disabled under the terms of the plan and denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶18:**

Plaintiff began receiving medical care for his symptoms. Plaintiff experienced repeatedly documented symptoms of impaired concentration and attention, as well as challenges with interpersonal communications, difficulty processing information, confusion, inability to comprehend instructions, mental fatigue and inability to consistently function satisfactorily at work.

**ANSWER:**

First Unum admits that Plaintiff alleges certain symptoms and underwent certain medical

treatment. The allegations in Complaint Paragraph No. 18 regarding Plaintiff's alleged

symptoms purport to recite the contents of written documents — Plaintiff's medical records —

which speak for themselves and are the best evidence of their terms. To the extent those

allegations mischaracterize or misconstrue the contents of those documents, they are denied.

First Unum denies the remaining allegations in Complaint Paragraph No. 18 and specifically

denies that Plaintiff is disabled under the terms of the plan and denies that Plaintiff is entitled to

any relief whatsoever.

**COMPLAINT ¶19:**

On or about June 18, 2024, Plaintiff left work and filed for Short Term Disability ("STD") benefits through Unum.

**ANSWER:**

First Unum admits that Plaintiff stopped working for AIG on or about June 18, 2024.

First Unum admits that Plaintiff submitted a claim for short-term disability ("STD") benefits to

First Unum. First Unum denies the remaining allegations in Complaint Paragraph No. 19.

**COMPLAINT ¶20:**

While on STD, Plaintiff's symptoms and cognitive struggles continued, even as his mood and outlook improved.

325171056v.5

**ANSWER:**

First Unum admits that Plaintiff alleges certain symptoms and, at certain times, received STD benefits. First Unum denies the remaining allegations in Complaint Paragraph No. 20 and specifically denies that Plaintiff is disabled under the terms of the plan and denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶21:**

In November 2024, Plaintiff underwent comprehensive neuropsychological testing which revealed severe impairments. Unum has not disputed these results.

**ANSWER:**

The allegations in Complaint Paragraph No. 21 regarding the testing Plaintiff underwent purport to recite the contents of a written document, titled "Neuropsychological Evaluation", signed by David J. Biderman, PhD, and dated December 20, 2024, which speaks for itself and is the best evidence of its terms. To the extent those allegations mischaracterize or misconstrue the contents of this document, they are denied. First Unum denies the remaining allegations in Complaint Paragraph No. 21.

**COMPLAINT ¶22:**

Unum approved Plaintiffs STD benefits for their entire duration.

**ANSWER:**

First Unum admits that it approved Plaintiff's claim for STD benefits from July 2, 2024 to December 30, 2024 pursuant to the terms of the STD plan and based on the information then before First Unum. First Unum denies the remaining allegations in Complaint Paragraph No. 22 and specifically denies that Plaintiff is disabled under the terms of the plan and denies that Plaintiff is entitled to any relief whatsoever.

325171056v.5

**COMPLAINT ¶23:**

Plaintiff thereafter applied for LTD benefits citing his disabling diagnoses, including Long-Haul COVID-19 and resulting Myalgic Encephalomyelitis/Chronic Fatigue Syndrome ("ME/CFS"). Plaintiff's LTD application set forth how these diagnoses have led to severe cognitive impairments and post-exertional malaise.

**ANSWER:**

First Unum admits that Plaintiff sought LTD benefits and alleged certain conditions and symptoms. First Unum denies the remaining allegations in Complaint Paragraph No. 23 and specifically denies that Plaintiff is disabled under the terms of the plan and denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶24:**

The following definition of disability is provided in the LTD Policy:

*You are disabled when Unum determines that:*

- *You are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and*

- *You have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.*

*You must be under the regular care of a physician in order to be considered disabled.*

**ANSWER:**

The allegations in Complaint Paragraph No. 24 purport to recite the contents of a written document, the plan, which speaks for itself and is the best evidence of its terms. To the extent those allegations mischaracterize or misconstrue the contents of this document, they are denied. First Unum denies the remaining allegations in Complaint Paragraph No. 24 and specifically denies that Plaintiff is disabled under the terms of the plan and denies that Plaintiff is entitled to any relief whatsoever.

9

325171056v.5

**COMPLAINT ¶25:**

The LTD Policy defines "Regular Occupation" as: the occupation you are routinely performing when your disability begins. Unum will look at your occupation as it is normally performed in the national economy, instead of how the work tasks are performed for a specific employer or at a specific location.

**ANSWER:**

The allegations in Complaint Paragraph No. 25 purport to recite the contents of a written document, the plan, which speaks for itself and is the best evidence of its terms. To the extent those allegations mischaracterize or misconstrue the contents of this document, they are denied. First Unum denies the remaining allegations in Complaint Paragraph No. 25 and specifically denies that Plaintiff is disabled under the terms of the plan and denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶26:**

The LTD Policy defines "Limited" as "what you cannot or are unable to do" and "Material and Substantial Duties" as "duties that are normally performed for the performance of your regular occupation; and cannot be reasonably omitted or modified."

**ANSWER:**

The allegations in Complaint Paragraph No. 26 purport to recite the contents of a written document, the plan, which speaks for itself and is the best evidence of its terms. To the extent those allegations mischaracterize or misconstrue the contents of this document, they are denied. First Unum denies the remaining allegations in Complaint Paragraph No. 26 and specifically denies that Plaintiff is disabled under the terms of the plan and denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶27:**

Unum's in-house nurse Alison Godfrey performed a file review of Plaintiff's LTD claim, which acknowledged the cognitive testing results while improperly downplaying their significance.

10

**ANSWER:**

First Unum admits that Allison Godfrey, BSN, RN, CC, reviewed Plaintiff's claim for LTD benefits. First Unum denies the remaining allegations in Complaint Paragraph No. 27 and specifically denies that Plaintiff is disabled under the terms of the plan and denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶28:**

Unum then obtained a review from neuropsychologist Kathryn Rhyner, Ph.D. dated March 3, 2025. Dr. Rhyner's report acknowledged Plaintiff's cognitive impairments but utilized a selective review designed to justify denying Plaintiff's LTD benefits.

**ANSWER:**

First Unum admits that Kathleen Rhyner, PhD (board certified in neuropsychology), reviewed Plaintiff's claim for LTD benefits and authored a report dated March 3, 2025. First Unum denies the remaining allegations in Complaint Paragraph No. 28 and specifically denies that Plaintiff is disabled under the terms of the plan and denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶29:**

Plaintiff continued to treat with his physicians, who continued to document his ongoing inability to perform his occupation.

**ANSWER:**

First Unum admits that Plaintiff underwent certain medical treatment. The allegations in Complaint Paragraph No. 29 regarding Plaintiff's doctors' opinions purport to recite the contents of written documents — Plaintiff's medical records — which speak for themselves and are the best evidence of their terms. To the extent those allegations mischaracterize or misconstrue the contents of those documents, they are denied. First Unum denies the remaining allegations in Complaint Paragraph No. 29 and specifically denies that Plaintiff is disabled under the terms of

the plan and denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶30:**

Although Unum had approved and paid his STD benefits for their entire duration, Unum denied Plaintiff's LTD claim by letter dated March 21, 2025.

**ANSWER:**

First Unum admits that it approved Plaintiff's claim for STD benefits from July 2, 2024 to December 30, 2024 pursuant to the terms of the STD plan and based on the information then before First Unum. First Unum admits that, by letter dated March 21, 2025, it denied Plaintiff's claim for LTD benefits under the plan. First Unum denies the remaining allegations in Complaint Paragraph No. 30 and specifically denies that Plaintiff is disabled under the terms of the plan and denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶31:**

Unum's adverse benefit determination was de novo wrong, arbitrary, and capricious.

**ANSWER:**

First Unum denies the allegations in Complaint Paragraph No. 31.

**COMPLAINT ¶32:**

Plaintiff submitted a timely appeal of Unum's adverse benefit determination.

**ANSWER:**

First Unum admits the allegations in Complaint Paragraph No. 32.

**COMPLAINT ¶33:**

Plaintiff's appeal included the comprehensive medical evidence from his treaters and detailed rebuttals from well-qualified experts. Among the evidence submitted were the results of Cardiopulmonary Exercise Testing ("CPET"), an objective indicator of fatigue in patients with Long-Haul COVID-19 and ME/CFS.

**ANSWER:**

The allegations in Complaint Paragraph No. 33 purport to recite the contents of written

325171056v.5

documents — documents Plaintiff submitted on appeal — which speak for themselves and are

the best evidence of their terms. To the extent those allegations mischaracterize or misconstrue

the contents of those documents, they are denied. First Unum denies the remaining allegations in

Complaint Paragraph No. 33 and specifically denies that Plaintiff is disabled under the terms of

the plan and denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶34:**

Plaintiff's appeal also included extensive medical literature regarding Long-Haul COVID-19 and ME/CFS, along with legal authority demonstrating the unlawful nature of Unum's adverse benefit determination.

**ANSWER:**

The allegations in Complaint Paragraph No. 34 purport to recite the contents of written

documents — documents Plaintiff submitted on appeal — which speak for themselves and are

the best evidence of their terms. To the extent those allegations mischaracterize or misconstrue

the contents of those documents, they are denied. First Unum denies the remaining allegations in

Complaint Paragraph No. 34 and specifically denies that Plaintiff is disabled under the terms of

the plan and denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶35:**

29 C.F.R. §2560.503-1(i)(1)(i) and (i)(3)(i) provide an ERISA insurer 45 days to decide a Long Term Disability claim on appeal, with an additional 45 days available for special circumstances. However, "in no event shall such extension exceed" a period of 45 days from the initial period.

**ANSWER:**

The allegations in Complaint Paragraph No. 35 purport to recite the contents of a federal

regulation which speaks for itself and is the best evidence of its terms. To the extent those

allegations mischaracterize or misconstrue the contents of the federal regulation, they are denied.

**COMPLAINT ¶36:**

13

Unum furnished the reports of four reviewing physicians between October 29, 2025 and November 7, 2025.

**ANSWER:**

First Unum lacks knowledge or information sufficient to form a belief as to what Plaintiff means by "furnished the reports." First Unum admits that, at certain times, four medical doctors (Staci Ross, PhD; Anand Haridas, MD; Brandon Erdos, MD; and Charisma Pinna, MD) reviewed medical and other relevant information pertaining to Plaintiff's claim for LTD benefits and First Unum provided their resulting reports to Plaintiff by letters dated October 29, 2025 and November 7, 2025. First Unum denies the remaining allegations in Complaint Paragraph No. 36.

**COMPLAINT ¶37:**

One report was from neuropsychologist Stacy Ross, who repeated the same errors as Dr. Rhyner and selectively reviewed Plaintiffs testing data.

**ANSWER:**

First Unum admits that Staci Ross, PhD (board certified in neuropsychology), reviewed medical and other relevant information pertaining to Plaintiff's claim for LTD benefits and authored a report. First Unum denies the remaining allegations in Complaint Paragraph No. 37.

**COMPLAINT ¶38:**

Another report from cardiologist Anand Haridas, M.D. dismissed the CPET as not supporting cardiac impairment, when Plaintiff does not claim a cardiac impairment and submitted the testing to objectify his levels of fatigue and post-exertional malaise.

**ANSWER:**

First Unum admits that Anand Haridas, MD (board certified in cardiovascular disease), reviewed medical and other relevant information pertaining to Plaintiff's claim for LTD benefits and authored a report. First Unum denies the remaining allegations in Complaint Paragraph No. 38.

**COMPLAINT ¶39:**

325171056v.5

Another report from Physical Medicine and Rehabilitation Physician Charisma Pinna, M.D. selectively reviewed the medical records to emphasize only normal findings, ignored the medical evidence documenting impairment in the areas Plaintiff relied upon to work, and repeated the flawed conclusions of other Unum reviewers.

**ANSWER:**

First Unum admits that Charisma Pinna, MD (board certified in physical medicine and rehabilitation), reviewed medical and other relevant information pertaining to Plaintiff's claim for LTD benefits and authored a report. First Unum denies the remaining allegations in Complaint Paragraph No. 39.

**COMPLAINT ¶40:**

Plaintiff provided rebuttals to Unum's physicians on December 29, 2025 and January 2, 2026.

**ANSWER:**

First Unum admits that Plaintiff submitted certain documents to First Unum via emails dated December 29, 2025 and January 2, 2026. First Unum denies the remaining allegations in Complaint Paragraph No. 40.

**COMPLAINT ¶41:**

Allowing for a single 45-day extension of time, Unum's deadline to render a determination on Plaintiffs appeal elapsed no later than February 16, 2026. While Unum requested an extension of time past the regulatory deadline, such an extension is specifically precluded by the regulations and Plaintiff did not consent.

**ANSWER:**

The allegations in Complaint Paragraph No. 41 are legal conclusions to which no response is required. To the extent a response is required, First Unum denies the allegations in Complaint Paragraph No. 41.

**COMPLAINT ¶42:**

Nonetheless, on or about February 25, 2026, Unum produced further reports from its file reviewers.

325171056v.5

**ANSWER:**

First Unum admits that it sent Plaintiff a letter dated February 25, 2026. The allegations in Complaint Paragraph No. 42 regarding the content of the February 25, 2026 letter purport to recite the contents of a written document which speaks for itself and is the best evidence of its terms. To the extent those allegations mischaracterize or misconstrue the contents of the document, they are denied.

**COMPLAINT ¶43:**

Unum's production of responsive reports after the regulatory timeline to render a decision violates the ERISA regulations, 29 C.F.R. §2560.503-1(h)(4)(i), which requires production of those reports with sufficient time for a claimant to review and respond prior to the regulatory claim decision deadline.

**ANSWER:**

The allegations in Complaint Paragraph No. 43 are legal conclusions to which no response is required. To the extent a response is required, First Unum denies the allegations in Complaint Paragraph No. 43.

**COMPLAINT ¶44:**

Unum's failure to render a decision on Plaintiffs appeal within the time required by the ERISA regulations and to "strictly adhere to all requirements" of the regulations has rendered his claim deemed denied. 29 C.F.R. §2560.503-1(1)(2)(i).

**ANSWER:**

The allegations in Complaint Paragraph No. 44 are legal conclusions to which no response is required. To the extent a response is required, First Unum denies the allegations in Complaint Paragraph No. 44.

**COMPLAINT ¶45:**

As of the time of filing, Plaintiff has not received a determination on his appeal.

**ANSWER:**

16

First Unum admits that it upheld its decision to deny Plaintiff's claim for LTD benefits on April 2, 2026, which was after Plaintiff filed the instant lawsuit on March 30, 2026. First Unum denies the remaining allegations in Complaint Paragraph No. 45.

## STANDARD OF REVIEW

**COMPLAINT ¶46:**

The standard of review in this matter is de novo, as the Policy lacks the requisite discretionary clause to trigger "arbitrary and capricious" judicial review of Unum's adverse claims determination.

**ANSWER:**

First Unum denies the allegations in Complaint Paragraph No. 46.

**COMPLAINT ¶47:**

Even if the Policy did contain the requisite discretionary clause, Unum's regulatory violations are sufficient on their own to trigger de novo review of Plaintiff's claim. *See Halo v. Yale Health Plan*, 819 F.3d 42, 53 (2d Cir. 2016); *McQuillin v. Hartford Life and Acc. Ins. Co.*, 36 F.4th 416, 419 (2d Cir. 2022).

**ANSWER:**

First Unum denies the allegations in Complaint Paragraph No. 47.

## AND FOR A FIRST CAUSE OF ACTION

**COMPLAINT ¶48:**

Plaintiff repeats and re-alleges each and every allegation set forth above at paragraphs 1-47 as if fully set forth herein again.

**ANSWER:**

First Unum repeats and realleges its responses to Complaint Paragraphs 1-47 and incorporates the same as if fully set forth herein.

**COMPLAINT ¶49:**

Plaintiff has exhausted his administrative remedies and therefore brings this action. At all relevant times, Plaintiff is and has been disabled within the meaning of the terms of the LTD Policy, Group Contract Number 910658. As such, he is entitled to benefits under the Plan.

325171056v.5

**ANSWER:**

First Unum admits that Plaintiff has exhausted remedies with respect to his current claim for LTD benefits under the plan (claim # 25359587). First Unum denies the remaining allegations in Complaint Paragraph No. 49 and specifically denies that Plaintiff is disabled under the terms of the plan and denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶50:**

At all times relevant herein, Unum has failed to follow reasonable claims procedure as required by ERISA § 503, 29 U.S.C. § 1133 and the accompanying regulations.

**ANSWER:**

First Unum denies the allegations in Complaint Paragraph No. 50.

**COMPLAINT ¶51:**

In denying Plaintiff's LTD benefits, Unum has failed to fulfill its statutory obligations in: Ignoring the substantial objective evidence of disability in the record; improperly disregarding the opinions of Plaintiff's treating and expert providers without a meaningful basis for doing so; purporting to rely upon experts who lack the requisite expertise, training or qualifications to evaluate the claim; failing to account for all disabling symptoms and conditions individually and together including, inter alia, cognitive impairments, post-exertional malaise, dysautonomia, orthostatic intolerance and severe fatigue; failing to meaningfully assess how Plaintiff can work given his unchallenged documented impairments, including those that would preclude any attorney or insurance claims work; selectively reviewing the medical records and ignoring the substantial medical evidence of disability in the record; and denying his benefits despite objective testing from multiple specialists with expertise in ME/CFS.

**ANSWER:**

First Unum denies the allegations in Complaint Paragraph No. 51.

**COMPLAINT ¶52:**

Unum operates under a structural conflict of interest in that it both evaluates claims for benefits and pays those benefits from its own funds.

**ANSWER:**

First Unum denies the allegations in Complaint Paragraph No. 52.

**COMPLAINT ¶53:**

325171056v.5

By virtue of the foregoing, Unum has breached the terms of the LTD Plan under which the Plaintiff, Steven Stadtmauer, is a beneficiary and has violated the requirements of the Employee Retirement Income Security Act, 29 USC §§ 1001 *et seq.*, 1132 and 1133 and the applicable regulations promulgated thereunder in a manner that is arbitrary and capricious and wrong.

**ANSWER:**

First Unum denies the allegations in Complaint Paragraph No. 53.

**PLAINTIFF'S WHEREFORE CLAUSE:**

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Unum and issue an Order as follows:

a.    Declaring Plaintiff totally disabled within the meaning of the LTD Policy;

b.    Ordering Defendant to immediately place Plaintiff on claim for total disability benefits under the terms of the LTD Policy retroactive to the date of claim denial and pay all benefits owed to date as well as benefits on an ongoing basis;

c.    Awarding Plaintiff his costs of suit, including reasonable attorney's fees;

d.    Awarding Plaintiff interest on all unpaid benefits and waiving any and all premium charges accruing with respect to said policy of insurance;

e.    Granting such other and further relief as this Court deems just and proper.

**ANSWER:**

The above allegations constitute Plaintiff's demand for judgement and prayer for relief to which no response is required. To the extent a response is required, First Unum denies that Plaintiff is entitled to judgment or any relief whatsoever.

### AFFIRMATIVE AND ADDITIONAL DEFENSES

Without prejudice to its denials and other statements of its pleadings, First Unum asserts the following affirmative and additional defenses:

(1)    The decision to deny Plaintiff's claim for benefits should be reviewed under the abuse of discretion or arbitrary and capricious standard.

(2)    The Court's review should be limited to examination of the administrative record created during the processing of Plaintiff's claim under the plan.

325171056v.5

(3)     Plaintiff's claim, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and law.

(4)     Any benefits due under the plan are subject to offset, integration, or other deduction or adjustments in accordance with the plan's terms.

(5)     There is no vesting of benefits under the plan, and thus Plaintiff may not recover the benefits for any future period of disability, but rather must provide periodic proof of any alleged continuing disability.

(6)     Plaintiff seeks benefits that are not provided under the plan.

(7)     Plaintiff's claim is barred by the terms, conditions, limitations and exclusions contained in the plan.

(8)     To the extent Plaintiff seeks relief under ERISA Section 502(a)(3), that claim fails because it is duplicative of Plaintiff's claim for benefits under ERISA Section 502(a)(1)(B).

First Unum reserves its right to amend its answer and to assert any additional affirmative and other defenses as may become available or apparent at a future date.

WHEREFORE, Defendant First Unum respectfully requests that the Court deny the relief sought by Plaintiff, dismiss the action with prejudice and/or enter judgment on First Unum's behalf, and award First Unum any such other relief as the Court deems just and proper.

20

325171056v.5

Dated: New York, New York
       June 25, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Alnisa Bell*
    Alnisa Bell
    620 Eighth Avenue
    New York, New York  10018
    Telephone:  (212) 218-5500
    Facsimile:  (212) 218-5526
    Email: abell@seyfarth.com

    Matthew A. Clabots (*pro hac vice*
    forthcoming)
    233 S. Wacker Drive, Suite 8000
    Chicago, IL 60606
    Telephone: (312) 460-5000
    Facsimile: (312) 460-7000
    Email: mclabots@seyfarth.com


Attorneys for Defendant
FIRST UNUM LIFE INSURANCE
COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 25, 2026, a true and correct copy of the foregoing DEFENDANT'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT was electronically filed with the District Court via the Court's CM/ECF system, which sent notification of such filing to all counsel of record.

*/s/ Alnisa Bell*
Alnisa Bell

325171056v.5